# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 21-11233-MER |
| DENVER SELECT PROPERTY, LLC ) | |
| EIN 46-1808537 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| DENVER SELECT PROPERTY, LLC ) | |
| ) | |
| Plaintiff ) | Adversary Proceeding No. |
| ) | |
| v. ) | |
| ) | |
| MIDWEST REGIONAL BANK ) | |
| ) | |
| Defendant ) | |
| ) | |

# COMPLAINT

Plaintiff Denver Select Property, LLC, Debtor-in-Possession ("Denver Select") complains against Defendant Midwest Regional Bank ("MRB"), as follows:

## Jurisdiction and Venue

1. Denver Select is a Debtor-in-Possession under Chapter 11 of the United States Bankruptcy Code ("Code"). Denver Select filed its bankruptcy petition on March 15, 2021 and has since remained in possession of its assets and has operated its business and managed its financial affairs pursuant to 11 U.S.C. 1107 and 1108. Denver Select is a Colorado limited liability company with its principal place of business in the State of Colorado. All members of Denver Select are entities formed and having their principal places of business in the State of Colorado and/or persons residing in the State of Colorado or in States other than Missouri.

2. MRB is a Missouri banking corporation with its principal place of business in the State of Missouri.

3. MRB is subject to the jurisdiction of this Court as a creditor of Denver Select, because it does business in the State of Colorado on a continuous and systematic basis through offices and personnel located and employed in Colorado, and because, as set forth in greater detail below, the controversy between the parties arises from MRB's conduct in the State of Colorado and its lien claims respecting property in Colorado.

4. This Court has jurisdiction of this Adversary Proceeding pursuant to 28 U.S.C. 1332, 1334 and 1367. This Adversary Proceeding is a core proceeding pursuant to 11 U.S.C. 157(b)(2)(A), (K) and (O).

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391 and 1409.

## General Allegations

6. MRB holds itself forth as expert in the origination and administration of loans available through and guaranteed by the U.S. Small Business Administration ("SBA"). For example, MRB describes itself as a "premier SBA loan provider" that "consistently rank[s] as one of the largest SBA lenders in Missouri and [is] climbing the rankings across the country." It affirms that it "knows SBA lending," and describes its SBA personnel as "experts [who] have the highly specialized SBA knowledge needed to effectively and quickly secure SBA financing" and "will be with you every step of the way and offer tailored SBA solutions to grow your business."

7. Denver Select and MRB are parties to a Settlement Agreement entered into as of January 6, 2020 (the "Settlement Agreement"). The Settlement Agreement was incorporated in and otherwise made part of a Chapter 11 Plan of Reorganization, as modified, confirmed by this Court in Case No. 17-18217-MER on November 4, 2019 (the "Plan").

8. Pursuant to the Settlement Agreement, Denver Select and MRB agreed, among other things, to modify a loan owed by Denver Select to MRB, a portion of which is secured by Colorado real estate owned by Denver Select known as the Alvarado Property and the Dumont Property, with respect to its amount and payment terms, including to reflect a secured loan of $1,700,000, payable at the rate of 4.5% per annum over a 25 year term, with payments beginning on the later of March 15, 2020 or the date of Plan confirmation (the "Modified Loan"). As originated through MRB, and currently, the Modified Loan is guaranteed by the SBA under Section 7(a) of the Small Business Act, as amended.

9. On March 10, 2020, Colorado's Governor declared a disaster emergency respecting the Covid-19 pandemic. On March 28, 2020, the President of the United States declared a Major Disaster for the State of Colorado. During March and succeeding months, Colorado's Governor and other authorities issued hundreds of Executive and Public Health Orders, curtailing and otherwise altering and affecting virtually all aspects of social and economic life in the State. In issuing his Executive Orders, the Governor repeatedly recognized that the risk of contamination posed by Covid-19 necessitated business closures, and that both employers and employees in virtually all sectors of the economy had been and would continue to be hard hit. Purely by way of example, between the weeks ending March 21, 2020 and May 16, 2020, over 405,000 initial unemployment claims were filed in Colorado. During the same nine week period of 2019, approximately 17,000 such claims were filed.

10. In light of the Covid-19 emergency and its impacts on Denver Select's business, Denver Select and MRB agreed that payments due on the Modified Loan under the Settlement Agreement and Plan would be deferred for the months of March, April and May, 2020. Thereafter, notwithstanding the ongoing impacts of the Covid-19 emergency, Denver Select

made the payment due in June, 2020. Upon receipt of that payment, MRB represented and promised that if Denver Select was able to make timely payments in July and August, 2020, the Loan would qualify and be reported to the SBA as being in regular service, entitling Denver Select to payment coverage under the CARES Act, with the result that all payments due and owing for the six month period from September, 2020 through February, 2021 would be made by the SBA.

11. Accepting and acting on MRB's representations and promises, and with substantial difficulty given the impacts of the Covid-19 emergency, Denver Select was able to make timely payments for July and August, 2020, whereupon MRB confirmed that Denver Select had "done [its] part," and that MRB would obtain the payments due for the months of September, 2020 through February, 2021 from the SBA. Such payments would maintain the Modified Loan in a current posture and would amortize the Loan as agreed. In addition, Denver Select would be fully relieved of all responsibility for the payments, in the approximate total amount of $60,000.00.

12. In reliance on its agreement with MRB and on its representations and assurances of SBA payment, beginning in September, 2020, Denver Select did not make payments on the Modified Loan, using the resources available to it for other purposes, including making improvements to the Alvarado property.

13. In mid-December, MRB, reneging on the parties' agreement and its representations and promises, notified Denver Select that the CARES Act deferral and payment would not occur, and demanded that Denver Select find a way to cover the claimed arrearages. Reserving all rights, Denver Select attempted to generate cash through a refinance of additional property held MRB as collateral. Increasing the pressure, and in utter disregard for the position

4

in which it had placed Denver Select and the injury it had caused, MRB demanded that the refinance occur by mid-January, 2021.

14. Although Denver Select was able to arrange the refinance by early February, 2021, its efforts were wasted. On February 5, 2021, MRB, in a further and irrevocable breach of its representations, promises and agreements, declared the Modified Loan to be in default, accelerated all balances, and demanded payment in an amount in excess of $1.7 million, including the payments it had represented, promised and agreed would be made by the SBA.

15. In response, Denver Select attempted to persuade MRB to accept the refinance described above. MRB refused, whereupon Denver Select informed MRB that it had no alternative but to petition for bankruptcy protection.

16. This bankruptcy is the direct and unavoidable consequence of MRB's conduct described above.

17. MRB's conduct has injured and harmed Denver Select by depriving it of its represented and promised SBA payments, by disrupting its business activity and planning, with associated loss of time and opportunity, by forcing it into bankruptcy proceedings with attendant cost, delay and loss of time and opportunity, and in other ways.

### First Claim for Relief
**(Determination of Validity and Extent of Lien)**

18. The allegations set forth in Paragraphs 1 through and including 17 above are incorporated as though fully set forth.

19. MRB claims to hold liens against Denver Select's Alvarado Property and Dumont Property in the approximate amount of $1,770,000.

20. As the result of and due to the conduct, events and circumstances described above, MRB's claimed liens are overstated in an amount to be determined, but currently estimated at no less than $90,000, and are invalid to the extent of such overstatement.

21. Denver Select is entitled to the Court's determination and adjudication regarding the extent and validity of MRB's liens, and to appropriate supplemental and remedial relief, including but not limited to orders directing appropriate reductions and corrections in such liens as a matter of public record and orders preventing and/or protecting against action to enforce the claimed liens, whether subject to 11 U.S.C. 362 or otherwise.

### Second Claim for Relief
### (Recovery of Money for Breach of Contract)

22. The allegations set forth in Paragraphs 1 through and including 21 above are incorporated as though fully set forth.

23. MRB and Denver Select entered into a contract pursuant to which, among other things, it was agreed Denver Select would, upon satisfaction of a stipulated condition, receive a six month deferral and SBA payment on the Modified Loan.

24. Denver Select satisfied the stipulated condition.

25. Through the conduct described above, MRB breached the parties' contract.

26. The breach has caused Denver Select damages and losses in an amount to be proved at trial, but not less than $90,000. Denver Select is entitled to recover those damages and losses from MRB.

### Third Claim for Relief
### (Recovery of Money for Promissory Estoppel)

27. The allegations set forth in Paragraphs 1 through and including 26 above are incorporated as though fully set forth.

6

28. MRB promised Denver Select that upon timely payment for July and August, 2020, it would receive a six month deferral and SBA payment on the Modified Loan.

29. MRB knew and should reasonably have expected that its promise would induce action by Denver Select, including the devotion of substantial time and effort to finding the resources needed to make the July and August payments, notwithstanding the impacts of the Covid-19 emergency under which its performance was otherwise excused.

30. Denver Select reasonably relied on MRB's promise to its detriment.

31. MRB breached its promise and it should be enforced to prevent injustice. Denver Select is entitled to such remedies, including recovery in an amount to be proved at trial, but not less than $90,000, as justice requires.

### Fourth Claim for Relief
### (Recovery of Money for Negligent Misrepresentation)

32. The allegations set forth in Paragraphs 1 through and including 31 above are incorporated as though fully set forth.

33. In the course of its business and a transaction in which it has a pecuniary interest, MRB supplied information for the guidance of Denver Select in its business transactions.

34. The information MRB supplied to Denver Select was false.

35. MRB failed to exercise reasonable care or competence in obtaining or communicating the information.

36. Denver Select justifiably relied on the information and is entitled to recover the pecuniary loss caused by that reliance in an amount to be proved at trial, but not less than $90,000.

### Fifth Claim for Relief
### (Declaratory Judgment)

37. The allegations set forth in Paragraphs 1 through and including 36 above are incorporated as though fully set forth.

38. An existing, ongoing and concrete controversy exists between Denver Select and MRB concerning, among other things, MRB's lien rights, the parties' contract and its performance, promises and representations made by MRB and Denver Select's reliance thereon, and related matters involving MRB's claim against Denver Select, its rights in property of the estate, and remedies to which Denver Select is entitled.

39. Denver Select is entitled to the Court's determinations and declarations regarding all such matters, and to appropriate supplemental relief, including but not limited to injunctive orders or other equitable relief.

WHEREFORE, Denver Select requests that the Court enter judgment in its favor and against MRB for the relief and recoveries set forth above, including pre- and post-judgment interest on all monetary relief, and awarding its fees and costs incurred in the prosecution of this Adversary Proceeding, including reasonable attorneys' fees, and granting it such other and additional damages and relief as may be just and appropriate.

Dated this __ day of March, 2021.

EASONLAW, LLC

*s/ David R. Eason*
David R. Eason, No. 11243
1129 Cherokee Street
Denver, CO 80204
(303) 725-8756
dave@dreasonlaw.com